UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VICTOR E. JOHNSON                                    1:22-CV-142 (JLS-MJR)

                      Petitioner,                   DECISION AND
                                                     ORDER
    v.

SUPERINTENDENT TITUS,
Orleans Corr. Fac.,

                      Respondent.

_____

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr. (Dkt. No. 10) Petitioner Victor Johnson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1) Presently before the Court are petitioner's (1) motion for discovery (Dkt. No. 15); (2) motion to expand the record (Dkt. No. 35); (3) motion for an evidentiary hearing (Dkt. No. 36); and motion for release on bond pending determination of his habeas petition (Dkt. No. 17). The Court addresses each of petitioner's requests in turn below.

<u>*Background*</u>

On June 11, 2018, petitioner was charged by indictment, in Niagara County Court, with six counts of criminal possession of a forged instrument in the second degree; seven counts of identity theft in the first degree; one count of grand larceny in the fourth degree; and one count of criminal enterprise. (Dkt. No. 26, pg. 2) The charges stemmed from petitioner's role in a forged check-cashing ring in Niagara County in 2018. (*Id.*; Dkt. No.

39, pg. 4) On April 18, 2019, petitioner was charged in a subsequent, unrelated indictment, also in Niagara County Court, with two counts of robbery in the first degree and one count of robbery in the second degree. (Dkt. No. 26, pgs. 126-27) These charges related to petitioner's role in orchestrating the February 2018 forcible robbery of an acquaintance, Carmen Deline. (Dkt. No. 39, pg. 4) On August 16, 2019, petitioner entered a global plea before Niagara County Supreme Court Judge Richard C. Kloch, Sr., which resolved (1) the June 2018 and April 2019 indictments; (2) a third pending indictment for intimidating a witness; and (3) an ongoing, separate investigation by the Niagara County District Attorney's Office into petitioner's role in fraudulent activity related to identity theft. (Dkt. No. 26-4, pgs. 55-60; Dkt. No. 26-5, pgs. 2-11) Petitioner pled guilty to one count of attempted enterprise corruption and one count of attempted second-degree robbery. (*Id.*) On December 18, 2019, petitioner, a second-time felony offender, was sentenced to an indeterminate prison term of three-to-six years for the attempted enterprise corruption charge, and to a concurrent, determinate prison term of seven years, followed by five years post-release supervision, for the attempted robbery charge.[1] (Dkt. No. 25-5, pg. 8, pgs. 74, 77)

Petitioner filed separate appeals challenging both judgments of conviction, and the Appellate Division, Fourth Department affirmed both convictions. *See People v. Johnson*, 195 A.D.3d 1420 (4th Dep't 2021) (attempted enterprise corruption); *People v. Johnson*, 195 A.D.3d 1422 (4th Dep't 2021) (attempted robbery). The New York State Court of

---

[1] On September 19, 2019, prior to his sentencing, petitioner filed a *pro se* motion to withdraw his plea. (Dkt. No. 25-3, pgs. 154-78) During the sentencing proceeding on December 18, 2019, Judge Kloch acknowledged that petitioner had filed a *pro se* motion to withdraw his plea, as well as a number of other *pro se* motions challenging the indictment. (Dkt. No. 25-5, pgs. 40-46) Judge Kloch denied the *pro se* motions from the bench, indicating that because petitioner was represented by counsel, the Court had declined to review them.

Appeals denied leave to appeal on December 3, 2021. *See People v. Johnson*, 37 N.Y.3d 1146, 2021 N.Y. LEXIS 2817 (2021). While his direct appeal was pending, petitioner filed a *pro se* motion before the trial court to vacate his conviction pursuant to New York CPL § 440.10, alleging, *inter alia*, newly discovered evidence in connection *Brady* and other discovery violations; that his guilty pleas were involuntary; ineffective assistance of counsel; and violation of his right to a speedy trial. (Dkt. No. 25-4, pgs. 121-47) The trial court denied petitioner's § 440.10 motion on June 17, 2021. (*Id.* at pgs. 176-77) On December 14, 2021, the Appellate Division denied petitioner leave to appeal from the trial court's rejection of his § 440.10 motion. (*Id.* at 203)

Petitioner now challenges his judgments of conviction, following his plea on August 16, 2019, to one count of attempted enterprise corruption and one count of attempted second degree robbery. (Dkt. No. 1) In his *pro se* habeas petition, petitioner claims that (1) his guilty plea was not knowing and voluntary; (2) his defense attorney provided ineffective assistance; (3) the trial court failed to address his *pro se* motion to withdraw his guilty plea; (4) the trial court refused to issue a ruling on petitioner's motion to dismiss the criminal enterprise count in the indictment on constitutional and state-law speedy trial grounds; (5) the prosecutor committed misconduct by withholding *Brady* material, not correcting the robbery victim's alleged false testimony before the grand jury, and not disclosing witness statements and cooperation agreements to the defense; (6) malicious and selective prosecution; and (7) the prosecution violated state-law discovery rules by not disclosing the name of a witness and, in addition, committed misconduct by indicting petitioner for robbery without sufficient proof. (*Id.*)

3

Respondent filed a response in opposition to the petition on September 14, 2022. (Dkt. Nos. 24-26) Therein, respondent notes that the trial court rejected, on the merits, petitioner's claims that his plea was involuntary and that he was provided ineffective assistance of counsel with respect to the plea negotiation and plea proceedings. Respondent submits that because the trial court did not unreasonably apply Supreme Court precedent in rejecting these claims, petitioner is not entitled to habeas relief. *See* 28 U.S.C. § 2254(d). Respondent further argues that to the extent petitioner is arguing ineffective assistance of counsel with respect to matters unrelated to his guilty plea, petitioner's argument is foreclosed by his guilty plea. *See United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) ("A defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."). Respondent contends that petitioner's claims of prosecutorial misconduct, malicious prosecution, speedy trial violations, and various discovery violations are also foreclosed by his guilty plea. Lastly, respondent argues that petitioner's claim that the trial court failed to address his *pro se* motion to withdraw his guilty plea lacks merit because petitioner was represented by counsel at the time he filed the motion, and therefore was not entitled to have his *pro se* motion entertained by the trial court. *See People v. Rodriguez*, 95 N.Y.2d 497, 502 (2002) (a criminal defendant is not entitled to hybrid representation, so the court has discretion to decide whether the entertain a *pro se* motion).

*Motion for Discovery*

On August 18, 2022, petitioner filed a 266-page "Motion for Discovery and Production of Documents pursuant to Rule 6 Governing 28 U.S.C. 2254 Proceedings." (Dkt. No. 15) The filing included a memorandum of law as well as proposed interrogatories

and requests for documents. (*Id.*) Petitioner's extensive list of discovery demands includes requests for, *inter alia*, transcripts of jail call; exculpatory evidence; cooperation agreements from witnesses that were never turned over in discovery; minutes from plea and sentencing proceedings for prosecution witnesses not turned over in discovery; any police reports, felony complaints, 911 calls and witness interviews not turned over in discovery; purported letters from a confidential informant to the Niagara County District Attorney's Office; transcripts of police interviews; and various search warrant applications. Petitioner also seeks any and all communications between the Niagara County District Attorney's Office, the New York State Police or the Niagara Falls Police Department and any witnesses. He demands all case files in the possession of defense counsel, the Niagara County District Attorney's Office, the New York State Police, and the Niagara Falls Police Department. Petitioner submits proposed interrogatory requests for his defense attorney, which include lengthy questions about the attorney's investigation and work on the case as well as questions about counsel's awareness of petitioner's purported health problems at the time of the plea. Petitioner submits proposed interrogatories for a number of law enforcement officers involved in the investigation of the crimes charged against him, as well as the assistant district attorneys who prosecuted him. These interrogatories contain extensive questions about the details of their investigation and/or prosecution of petitioner, including an accounting of every potential witness they interviewed, what documents they possessed, and what information they shared with defense counsel.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Grampley*, 520 U.S. 899, 904 (1997).

Instead, a habeas petitioner may seek discovery under Rule 6(a) of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *See* Fed. R. Governing § 2254 Cases 6(a); *Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003). "The 'good cause' standard is satisfied 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is…entitled to relief." *Ferranti v. United States*, 480 F. App'x 634, 638 (2d Cir. 2021) (summary order); *quoting Bracy*, 520 U.S. at 904. "A [habeas] petitioner bears a heavy burden in establishing a right to discovery," and "[g]eneralized statements are not sufficient to establish the requisite 'good cause.'" *Edwards v. Superintendent*, 991 F. Supp. 2d 348, 364 (E.D.N.Y. 2013). To that end, a court may "deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." *Hirschfeld v. Comm'r Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003)

Petitioner has not demonstrated "good cause" for the Court to authorize him to conduct discovery. Petitioner's claims that his plea was involuntary and that he was denied effective assistance of counsel with respect to the plea proceedings were denied on their merits by the trial court when it ruled on petitioner's *pro se* § 440.10 motion. Where, like here, habeas claims have been previously decided by the state court on their merits, "[federal] review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim[.]" *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Therefore, petitioner is limited to the record before the state court as to his claims that his

plea was not knowing and voluntary and that he was provided ineffective assistance of counsel with respect to plea negotiations and plea proceedings. *See Ryan v. Gonzales*, 568 U.S. 57, 75 (2013). Since this Court cannot consider any evidence that petitioner might obtain through discovery in evaluating these arguments, petitioner has not shown that discovery would allow him to demonstrate that he is entitled to relief. *See Olsen v. Doldo*, 16-CV-5366, 2017 WL 1422431 at *4 (S.D.N.Y. Apr. 20, 2017) (denying habeas petitioner's request for discovery since, pursuant to Section 2254(d), the court could not consider any evidence petitioner obtained through discovery when evaluating his habeas claim).

With respect to the remaining claims in the habeas petition, petitioner has not provided "specific allegations" demonstrating that he may "be entitled to relief" if permitted discovery. *Bracey*, 520 U.S. at 908-09. Petitioner's discovery motion is incredibly broad and seeks a wide swath of information from numerous parties. He appears to demand every file, note, statement, witness interview, or report produced by any attorney or law enforcement officer involved in the investigation and prosecution. He requests an accounting of everything done by the officers during their investigations and every action undertaken by both the prosecutors and his defense counsel during the pendency of his cases. He requests all of the information and documents provided to his defense counsel, everything that was presented to the grand jury, and all information "not turned over in discovery." Petitioner generally contends that production of this discovery will prove that his counsel did not adequately communicate all elements of the charges and failed to fully investigate all possible defenses and interview all potential witnesses. Petitioner states that the requested discovery will also prove that the Niagara County District Attorney's

Office committed *Brady* as well as other discovery violations, and that prosecutors maliciously charged him without probable cause.

Petitioner's speculative and conclusive requests do not satisfy the "heavy burden" to obtain discovery. He has not provided any specific explanation or example as to how examination of this information would produce evidence that would entitle him to relief on the claims listed in his petition. Instead, petitioner is essentially asking to comb through every single document pertaining to his criminal prosecutions to look for information to support his claims. However, "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." *Ruine v. Walsh*, No. 00-CV-3798, 2005 U.S. Dist. LEXIS 14297, (S.D.N.Y. Jul. 14, 2005); *quoting Charles v. Artuz*, 21 F. Supp. 2d 168, 170 (E.D.N.Y. 1998)). *See also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) ("Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'") (internal quotations and citations omitted). Petitioner's requests are overly broad and speculative, and thus do not form the basis for good cause. *See White v. Rock*, 10-CV-5163, 2013 U.S. Dist. LEXIS 58718 (E.D.N.Y. Apr. 22, 2013) (discovery requests that are based on speculation and surmise do not amount to good cause).

Moreover, many of the documents and evidence that petitioner now seeks to discover were produced during the state criminal proceedings below. Indeed, the record before this Court shows that petitioner and his counsel were provided with extensive fact discovery during the state criminal proceedings, including audio and video recordings of petitioner; recordings of jail house phone calls and call logs; Facebook and Twitter

records; search warrant inventories and returns; bank records, witness statements and witness interviews; police statements and investigative reports; photographs; law enforcement notes; New York State police reports; and impeachment material of government witnesses. (Dkt. No. 15, pgs. 157-76) To the extent that petitioner seeks documents, reports and witness statements that were "not produced in discovery", petitioner offers no basis for the Court to find that any such relevant documents exist, or that they were not otherwise produced. *Taylor v. Poole*, 07-CV-6318, 2009 U.S. Dist. LEXIS 76316 (S.D.N.Y. Aug. 27, 2009); *adopted at* 2011 U.S. Dist. LEXIS 96061 (S.D.N.Y. Aug. 26, 2011) ("Without any showing that the evidence existed, [the petitioner] has no basis to claim that the government withheld it."); *Mills v. Lempke*, 11-CV-0440, 2012 U.S. Dist. LEXIS 62294 (W.D.N.Y. May 3, 2012) (denying discovery requests in § 2254 habeas petition case where it appeared "from the voluminous exhibits [petitioner] has submitted to the Court, he already had much of [the requested] information.").

The *Brady* claim asserted in the petition centers on petitioner's contention that, after he had already taken his plea, he learned that his cousin, Deon Johnson, was present at the time of the alleged robbery of Carmen Deline and that Johnson told law enforcement that no robbery occurred. Petitioner claims that this information was never provided to his defense counsel. Petitioner now requests production of any statements given by Johnson, to law enforcement, about the robbery of Deline. However, because petitioner is already in possession of all facts necessary to raise this *Brady* argument as part of his federal habeas claim, no additional discovery is warranted here. In petitioner's *pro se* motion to the trial court asking to withdraw his plea, petitioner included an affidavit by Johnson stating that she lived in the apartment complex where Deline was allegedly

robbed by petitioner and others. (Dkt. No. 25-3, pgs. 159-60) According to Johnson, on the day of the robbery, she went to petitioner's residence and noticed that several police officers were outside. (*Id.*) Johnson claims that she spoke with Officer Fleck of the Niagara Falls Police Department, who asked her if she had seen or heard anything about a robbery in the building. (*Id.*) Johnson purportedly told the officer that Deline had been present in the building where petitioner lived to buy drugs, and that no robbery had occurred. (*Id.*) Johnson stated that Deline was lying about the robbery and that Johnson would testify to that effect in court. (*Id.*) Based on the record before the Court, including material submitted by petitioner himself, petitioner is fully aware of the alleged exculpatory statement by Johnson to law enforcement, including the date it occurred and the contents of the statement. In fact, petitioner has fully raised this argument in his petition, including all the details of Johnson's purported statement and state's alleged failure to disclose it. Thus, petitioner has not shown that any additional discovery is needed to support the *Brady* arguments in his petition. *See Ulrich v. Berbary*, 445 F. Supp. 2d 267, 283 (W.D.N.Y. 2006) ("Evidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of [the] evidence.").[2]

Finally, many of petitioner's claims are likely foreclosed by his guilty plea. These claims would include (1) allegations of other discovery violations by the state prosecutor; (2) constitutional speedy trial act violations; (3) malicious and selective prosecution; (4) ineffective assistance of counsel in areas not related to the plea proceeding; (5) the trial

---

[2] According to respondent, petitioner knew before he pled guilty to the attempted robbery charge that his cousin Deon Johnson claimed Deline was lying about the robbery. Indeed, three days before petitioner's guilty plea, petitioner testified during a state court suppression hearing that Johnson told him that the robbery "never happened." (Dkt. No. 26-3, pgs. 38-39) Petitioner also testified that he saw Officer Fleck interview Johnson outside his house on the day of the robbery and that petitioner knew Johnson conveyed this same information to Officer Fleck. (*Id.*)

court's refusal to rule on a number of his *pro se* motions; and (5) misconduct or presentation of false evidence to the grand jury. *See United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea."); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he has been charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to entry of the guilty plea."). For this reason, as well as for all of the other reasons stated herein, petitioner has not adequately alleged that discovery of the information sought in his motion would allow him to prevail on his habeas claims. Petitioner's motion for discovery is denied.

### Motion to Expand the Record

On November 23, 2022, petitioner filed a motion to expand the record. (Dkt. No. 35) Therein, petitioner generally asks that this Court consider evidence outside of the state court record in ruling on his habeas petition. (*Id.*) In support of his request to expand the record, petitioner makes many of the same legal and factual arguments raised in his motion for discovery as to why consideration of additional evidence, outside of the record presently before this Court, is necessary to properly evaluate his habeas claims. (*Id.*)

Rule 7 the Federal Rules Governing Section 2254 Cases in United States District Courts provides that if a petition for a writ of habeas corpus is not dismissed, a district court "may direct the parties to expand the record by submitting additional materials relating to the petition." *See* 28 U.S.C. § 2254, Rule 7(a). The decision of whether to order

expansion of the record under Rule 7 is within the sound discretion of the reviewing court. *Ruine*, 2005 U.S. Dist. LEXIS 14297.

To begin, petitioner's request is premature. According to the Rules Governing Section 2254 Cases, expansion of the record is generally considered if the petition is not dismissed on the pleadings, and the purpose is to dispose of some habeas petitions without the expense required for an evidentiary hearing. *See* 28 U.S.C. § 2254, Rule 7(a) (Advisory Committee Notes). Here, the Court has not yet ruled on the substantive arguments raised in the pleadings. If, when the Court is evaluating the merits of the petition, it determines that petitioner may be entitled to relief if the facts were developed further, the Court may reconsider expanding the record at that time.

Moreover, it is unclear what extraneous material petitioner is asking the Court to consider. For example, petitioner refers to the exhibits offered in support of his *pro se* motion to withdraw his plea. However, petitioner's *pro se* motion and exhibits are already included in the record of state court proceedings submitted to this Court for review. (Dkt. No. 25-3, pgs. 154-78) Petitioner also seems to generally argue that respondent has not submitted a complete state court record. To the contrary, the documents and exhibits submitted by respondent in response to the petition constitute a full and complete record of the state court proceedings. The record includes, *inter alia*, transcripts of arraignments, bail motions, suppression hearings, plea proceedings and sentencings. (Dkt. No. 26-1- Dkt. No. 26-5) The record also includes all of the briefing submitted by the parties to both the state trial and appellate courts, as well as records of all trial and appellate court decisions. (Dkt. No. 25-1) Finally, with respect to the discovery motion, the Court determined that petitioner has not demonstrated that the production or consideration of

additional documents or evidence would show that he is entitled to relief. For all of these reasons, petitioner's motion to expand the record is denied.

### Motion for a Hearing

Petitioner also requests that the Court conduct an evidentiary hearing to resolve "disputed issues of fact" with respect to his ineffective assistance of counsel and involuntariness of plea claims. (Dkt. No. 36) Petitioner specifically claims that a hearing is needed to demonstrate that defense counsel coerced him into pleading guilty by making a faulty promise that, if petitioner entered into the plea agreement, his bail would be reinstated pending sentencing. (*Id.*)

In a habeas proceeding, the Court has an obligation to determine whether the materials submitted warrant an evidentiary hearing. *See* Rule 8(a), Rules Governing § 2254 Cases; 28 U.S.C. § 2254(e)(2). "A petition for habeas corpus relief requires an evidentiary hearing to resolve disputed issues of fact unless the record shows that the petitioner is not entitled to relief." *Ortega v. United States*, 897 F. Supp. 771, 782 (S.D.N.Y. 1995). In determining whether an issue of fact exists, the courts cannot consider evidence which would be inadmissible at a formal hearing, such as hearsay. *Hayden v. United States*, 814 F.2d 888, 891 (2d Cir. 1987) ("We have consistently held that the standard … is whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief. Mere generalities or hearsay statements will not normally entitle the applicant to a hearing. The petitioner must set forth specific facts which he is in a position to establish by competent evidence.") (internal quotation marks omitted).

Petitioner's self-serving and unsupported assertions of alleged conversations between him and defense counsel wherein defense counsel purportedly promised petitioner that his bail would be reinstated if he pled guilty are hearsay. Indeed, the Second Circuit has noted that "[a] standard that would entitle a [habeas] petitioner, based solely on hearsay information … to a full evidentiary hearing … would too easily lend itself to abuse, because such hearsay is too easily manufactured." *Hayden*, 814 F.2d 888, 892 (2d Cir. 1987). *See also Mulosmanai v. Mazzuca*, 06 Civ. 13515, 2007 U.S. Dist. LEXIS 69193 (S.D.N.Y. Sept. 18, 2007) (no hearing required as to ineffective assistance of counsel claim raised in habeas petition since petitioner's alleged conversation with counsel regarding the plea offer and rejection was hearsay and could not be considered by the court).[3] For these reasons, petitioner's request for a hearing is denied.

*Motion for Release on Bond*

Petitioner has also moved for release on bond pending the determination of his habeas petition. (Dkt. No. 17)

"[A] district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *quoting Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978). But such power is limited, "to be exercised in special cases only." *Id*. "The standard for bail pending habeas litigation is a difficult one to meet: The petitioner

---

[3] Petitioner contends that an evidentiary hearing is also needed because, on April 26, 2019, the trial court and the prosecutor promised that petitioner would be released pending sentence pursuant to the terms of the proposed plea agreement. (Dkt. No. 36) However, a review of the state court transcript from that date reveals no such promise by the prosecutor or the trial court (Dkt. No. 26, pgs. 176-82; Dkt. No. 26-1, pgs. 1-36), and petitioner offers no competent evidence to the contrary. Moreover, even if such a promise was made, release on bail pending sentence was not part of the terms identified on the record when petitioner pleaded guilty four months later.

must demonstrate that 'the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990); *quoting Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981). *See also Morrow v. Capra*, 2018-CV-5765, 2020 U.S. Dist. LEXIS 106085, (E.D.N.Y. June 17, 2020) ("To be eligible for bail, the petitioner must show: (1) that his petition makes 'substantial' claims, (2) that he has demonstrated a likelihood of success on the merits of his petition, and (3) that 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."') (internal quotation marks and citations omitted).

Petitioner has not shown that he is eligible for bail. First, his pending petition does not present "substantial" claims or demonstrate a likelihood of success on the merits. To satisfy this requirement, petitioner must show that his petition's success "can be predicted with confidence." *Beras v. United States*, 05-CV-2678, 2007 U.S. Dist. LEXIS 5273 (S.D.N.Y. Jan. 24, 2007). While the Court has yet to rule on the merits of the petition, it cannot be said that petitioner has met this exacting standard. Indeed, it appears that many of petitioner's arguments will be foreclosed by his guilty plea and that the trial court was within its right to decline to consider petitioner's *pro se* motions on account of the fact that he was represented by counsel at the time he made them. Petitioner's claims that his plea was involuntary and that his counsel was ineffective during the plea proceeding were rejected on the merits by the trial court, whose determinations are subject to significant deference under the Antiterrorism and Effective Death Penalty Act. With respect to petitioner's claim that *Brady* material was withheld, the record appears to show that petitioner was aware of the alleged exculpatory statement by petitioner's cousin before

he entered his plea.  *See Jackson v. N.Y. State Dep't of Corr. Servs.*, 96-CV-1865, 1999 U.S. Dist. LEXIS 23077 (N.D.N.Y. Feb. 25, 1999) (denying bail application where "after reviewing petitioner's claim but without fully addressing the merits, the court [was] unable to confidently predict victory for the petitioner.").

Petitioner further contends that bail is necessary here because (1) he is eligible for conditional release in April of 2024; (2) he has a college education, a wife, 17 children and 6 grandchildren; and (3) he "bears the risk of irreparable harm from continued detention [in light of] Covid-19 and pre [existing] health conditions." (Dkt. No. 17) These are not the type of exceptional or extraordinary circumstances which would make the granting of bail appropriate in this case. *See Livingston v. Miller*, 9:18-CV-0803, 2019 U.S. Dist. LEXIS 89536 (N.D.N.Y. May 29, 2019) (the fact that petitioner is approaching his release date is not an extraordinary circumstance justifying bail because, if it was, every prisoner nearing the end of their term could bring a successful bail motion in connection with a habeas petition); *Montes v. James*, 9:20-CV-0150, 2020 U.S. Dist. LEXIS 47512 (N.D.N.Y. Mar. 19, 2020) (petitioner's argument that he was a productive citizen with important care-taking responsibilities for loved ones is insufficient to demonstrate extraordinary circumstances); *Morrow*, 2020 U.S. Dist. LEXIS 106085 (51 year old with mild asthma citing COVID concerns did not present extraordinary or exceptional circumstances that would make the granting of bail necessary to make the habeas remedy effective). For these reasons, petitioner's motion for bail pending determination of his habeas claim is denied.

*Conclusion*

For the foregoing reasons, petitioner's (1) motion for discovery (Dkt. No. 15); (2) motion to expand the record (Dkt. No. 35); (3) motion for an evidentiary hearing (Dkt. No. 36); and motion for release on bond pending determination of his habeas petition (Dkt. No. 17) are denied.

**SO ORDERED.**

Dated:      February 8, 2023
            Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge